**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-03213-GPG-MDB

KHALFAN KHAMIS MOHAMED,

      Plaintiff,

v.

ENGLISH, in his individual and official capacities,
HARVEY, in his individual and official capacities,
WIESE, in his individual and official capacities, and
CIOLLI, in his individual and official capacities,

      Defendants.

---

**DEFENDANTS' MOTION FOR LEAVE TO FILE AN EARLY MOTION
FOR SUMMARY JUDGMENT ON EXHAUSTION OF ADMINISTRATIVE REMEDIES
AND RELATED EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

---

Defendants English, Harvey, Weise, and Ciolli (together, "Defendants") respectfully seek leave to file an early motion for summary judgment on the threshold issue of Plaintiff's exhaustion of administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA").[1]  Granting this motion will provide an opportunity to resolve a potentially dispositive issue at the outset of the case, rather than litigating exhaustion at the end of discovery, alongside any other substantive issues.  Relatedly, Defendants seek an extension of their deadline to respond to the Complaint until after the proposed early motion for summary judgment is adjudicated.

---

[1]  Because Plaintiff is a pro se prisoner, undersigned counsel did not confer with him regarding this motion. *See* D.C.COLO.LCivR 7.1(b)(1) (setting forth an exception to the duty to confer in "a motion filed in a case involving an unrepresented prisoner").

I.      **The Court should permit Defendants to file an early motion for summary judgment on exhaustion.**

This case presents a potentially dispositive, threshold issue of whether Plaintiff, a federal prisoner, exhausted available administrative remedies under the PLRA before bringing this action.  The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The "purpose of this exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits by (1) allowing prison officials an opportunity to satisfy the inmate's complaint—thus obviating the need for litigation; (2) filtering out some frivolous claims; and (3) creating an administrative record that facilitates review of cases that are ultimately brought to court."  *Whitington v. Ortiz*, 472 F.3d 804, 807 (10th Cir. 2007).  "[F]ailure to exhaust is an affirmative defense under the PLRA . . . ."  *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Plaintiff pleads that he has not exhausted his claims through the Federal Bureau of Prisons' administrative remedy program.  ECF No. 1 at 22 (checking the answer "No" to the question, "Did you exhaust administrative remedies?").  However, Plaintiff also alleges that the administrative remedy process was unavailable to him.  *Id.* ¶¶ 148-57.  Defendants believe that the undisputed material evidence will show that the exhaustion process was available to Plaintiff.  Thus, the exhaustion issue is ripe for determination on a motion for summary judgment before the case proceeds to discovery.  *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc) ("[E]xhaustion is analogous to subject-matter jurisdiction, personal jurisdiction, venue, and abstention, in that all these matters are typically decided at the outset of the litigation. . . .

Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim."); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) ("If merits discovery is allowed to begin before [the issue of exhaustion is resolved], the statutory goal of sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies will not be achieved.").

Because the issue of exhaustion depends, in part, on matters outside the pleadings, it must be presented to the Court on a motion for summary judgment. Permitting an early motion for summary judgment aligns with and supports the purposes of the PLRA and could eliminate the need for the parties to expend unnecessary resources conducting substantive discovery on unexhausted claims. The purposes of the PLRA and the interests of judicial economy would not be served by waiting to present this threshold issue in a motion for summary judgment on the merits at the end of discovery.

Civil Practice Standard 7.1D(a) provides: "Absent leave of the Court, which will only be granted in exceptional circumstances, a party may file only one motion for summary judgment." Defendants therefore respectfully request that that the Court enter an order permitting Defendants to file an early motion for summary judgment on the issue of exhaustion, without forfeiting the opportunity to file a later motion for summary judgment on the merits of the case, if necessary. The early motion for summary judgment will be filed no later than the current answer deadline, June 22, 2023.

## II.     The Court should extend Defendants time to answer the Complaint.

Relatedly, Defendants request an extension of time to respond to the Complaint until 14 days after the exhaustion issue is adjudicated. Because the exhaustion issue should be

adjudicated at the outset of the case, requiring the Defendants to answer or otherwise respond to the Complaint—thereby advancing the litigation into the discovery phase—again would undermine the purposes of the PLRA.   Defendants request that the Court reset Defendants' responsive pleading deadline to 14 days after the entry of the order adjudicating the proposed early motion for summary judgment on exhaustion of administrative remedies.

This is the third request for an extension of time to respond to the Complaint.  ECF No. 31, 35.  The first two motions were filed to allow the Defendants to obtain representation authority from the Department of Justice for the claims against them in their individual capacities and to permit the undersigned to review the allegations with the individual Defendants upon receipt of representation authority.

The undersigned certifies that a copy of this motion will be served on a representative for the Bureau of Prisons, as noted in the Certificate of Service.

\* \* \*

WHEREFORE, the Defendants respectfully request that the Court enter an order: (1) permitting Defendants to file an early motion for summary judgment on or before June 22, 2023, without forfeiting the right to file a later motion for summary judgment on the merits; and, relatedly, (2) extending the deadline to answer or otherwise respond to the Complaint through and including 14 days after the Court enters an order adjudicating the motion for summary judgment on exhaustion.

Submitted on June 7, 2023.

COLE FINEGAN
United States Attorney

s/ *Thomas A. Isler*
Thomas A. Isler
Assistant United States Attorney
1801 California Street, Ste. 1600
Denver, Colorado 80202
Tel. (303) 454-0336
Fax (303) 454-0411
thomas.isler@usdoj.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and directed personnel in the United States Attorney's Office to serve the foregoing document on the following non-CM/ECF participant by U.S. mail:

> Khalfan Khamis Mohamed
> #44623-054
> Florence Admax
> United States Penitentiary
> Inmate Mail/Parcels
> P.O. Box 8500
> Florence, CO 81226
> Pro Se Plaintiff

I further certify that on June 7, 2023, I sent the foregoing via e-mail to Bureau of Prisons senior attorney advisor, A. Powell.

> s/ *Thomas A. Isler*
> Thomas A. Isler
> Assistant United States Attorney